**In re SERVICE CORPORATION INTERNATIONAL SECURITIES LITIGATION**

**Joshua Ackerman v. Robert L. Waltrip, et al., S.D.Florida, C.A. No. 1:04-20114**

**Rujira Srisythep v. Robert L. Waltrip, et al., D. Nevada, C.A. No. 2:03-1392**

**Edger Neufeld v. Service Corp. International, et al., D.Nevada, C.A. No. 2:03-1561**

No. 1609.

Judicial Panel on Multidistrict Litigation.

June 22, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., and KATHRYN H. VRATIL, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of three actions: two actions in the District of Nevada and one action in the Southern District of Florida. Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the Florida plaintiff to centralize these actions in the Southern District of Florida for coordinated or consolidated pretrial proceedings. The Service Corporation International (SCI) defendants[1] agree that centralization is appropriate, but suggest selection of the Southern District of Texas as transferee district.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged violations of the federal securities laws arising out of false and misleading statements concerning SCI's operations at various cemeteries. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 We are persuaded that the Southern District of Texas is an appropriate transferee district for this litigation. We note that i) SCI is headquartered in Houston, Texas, and witnesses and documents relating to these alleged securities violations will likely be found there, and ii) Judge Lynn N. Hughes of that district has gained helpful experience presiding over similar litigation against SCI.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Lynn N. Hughes for coordinated or consolidated pretrial proceedings.

---

1. SCI along with Robert L. Waltrip, the chairman and chief executive officer; George R. Champagne, a senior vice president and chief financial officer; and James M. Shelger, a senior vice president and general counsel.